**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 3:99CV00979 (EBB) |
| | ) | |
| 889 Lake Ave. | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 3:99CV01772 (EBB) |
| | ) | |
| 895 Lake Ave. | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 3:00CV01910 (EBB) |
| | ) | |
| $140,000.00 | ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 3:00CV02007 (EBB) |
| | ) | |
| 1994 Harley Davidson, et al. | ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 3:00CV02010 (EBB) |
| | ) | |
| $596,013.77, et al. | ) | |
| Defendants. | ) | |

| | |
|---|---|
| UNITED STATES OF AMERICA, )<br>   Plaintiff, )<br>v. )<br> )<br>$29,035,500.00, et al. )<br>   Defendants. ) | Civil No.  3:01CV01515 (EBB) |

### RESPONSE OF INSURANCE COMPANY RECEIVERSHIP CLAIMANTS TO LOCAL RULE 41(a) NOTICE TO COUNSEL DATED SEPTEMBER 24, 2004 AND REQUEST FOR STATUS CONFERENCE

On September 24, 2004, Notices to Counsel were filed by the Clerk of the Court pursuant to Local Rule 41(a), giving notice of a proposed dismissal of the above-captioned cases and allowing until October 14, 2004 for the parties to explain why the cases should not be dismissed.

The Insurance Company Receivership Claimants are Anne B. Pope[1] as Liquidator of Franklin American Life Insurance Company, George Dale as Liquidator of Franklin Protective Life Insurance Company, Family Guaranty Life Insurance Company, and First National Life Insurance Company of America, Keith Wenzel[2] as Liquidator of International Financial Services Life Insurance Company, Carroll Fisher as Receiver of Farmers and Ranchers Life Insurance Company in Liquidation, and Mike Pickens as Receiver of Old Southwest Life Insurance Company (collectively referred to hereinafter as "Insurance Company Receivership Claimants"). Each of the Insurance Company Receivership Claimants filed claims in these seizure and forfeiture actions. Each of the Insurance Company Receivership Claimants has requested the

---

[1] Effective January 18, 2003, Paula A. Flowers became the Commissioner of Commerce for the State of Tennessee, replacing Ann B. Pope in that position.  As Commissioner, Ms. Flowers replaces Ms. Pope as Liquidator of Franklin American Life Insurance Company.

[2] Effective March 15, 2001, Scott B. Lakin became the Director of The Missouri Department of Insurance, replacing Keith Wenzel in that position.  As Director, Mr. Lakin replaces Mr. Wenzel as Liquidator of International Financial Services Life Insurance Company.

KC-1224775-3          2

Court to grant them title and possession of the seized stolen money and property rather than forfeit these assets stolen from the Insurance Companies to the United States of America.

The Insurance Company Receivership Claimants request a status conference in these actions for the purpose of setting a pretrial schedule, dispositive motion deadlines, and trial dates to the extent appropriate. No pretrial scheduling orders have previously been entered in these actions. In support of this request and in response to the Local Rule 41(a) Notice, the Insurance Company Receivership Claimants provide the following information:

1.      The Insurance Companies represented by the Insurance Company Receivership Claimants (collectively referred to as "Insurance Companies.") were the victims of an elaborate looting scheme operated and directed by Martin Frankel ("Frankel") a/k/a David Rosse, and others. As a result of the looting of the assets of the Insurance Companies, each of the Insurance Companies was placed into court supervised receiverships in the states where they were domiciled. The Insurance Company Receivers have been directed by their respective receivership courts to administer the affairs of the Insurance Companies and to locate, marshal and take into possession all assets of the Insurance Companies. Title to all assets of the Insurance Companies is vested by operation of law in the respective Insurance Company Receivers. The Insurance Company Receivers are further vested with the authority to prosecute any action that may exist on behalf of each of the Insurance Companies, or on behalf of their creditors, policyholders, and shareholders. The Insurance Company Receivers recover assets for the benefit of the policyholders and creditors of the Insurance Companies. Assets recovered by the Insurance Company Receivers go directly to the receivership estates where they are used to proportionately pay the claims of policyholders and other creditors of the liquidation estates pursuant to priority schemes established by each state's insurance company receivership statutes.

2. The United States of America seized money, and property derived from money, stolen from the Insurance Companies by Martin Frankel and then filed Verified Complaints of Forfeiture against the this stolen money and property derived from stolen money.(collectively referred to hereinafter as "Stolen Assets") under the provisions of Title 18, United States Code, Section 981(a)(1)(A).

3. The Insurance Company Receivership Claimants filed Claims for their Stolen Assets, Answers to the Verified Complaints for Forfeiture, and Counter-Claims against the United States of American seeking both title and possession of their Stolen Assets, such that the assets could be used to satisfy the claims of policyholders and creditors of the insurance company estates.

4. The Stolen Assets seized by the USA are assets of the Receivership Estates of the Insurance Companies. The seized money was stolen from the Insurance Companies. The seized properties were procured by the use of money stolen from the Insurance Companies.

5. The Insurance Company Receivership Claimants have properly pled that their Stolen Assets were acquired by Frankel under circumstances such that it would be inequitable and unconscionable to fail to transfer title and possession of the Stolen Assets back to the Insurance Companies for the payment of policyholders and claimants. The Insurance Company Receivership Claimants are innocent victims of Frankel's fraud and their Stolen Assets should be returned to them.

6. The Insurance Company Receivership Claimants have prayed that this Court impose or declare a constructive trust over the Property and/or quiet title in favor of the Insurance Company Receivership Claimants as the rightful owners, and convey title and possession of the Stolen Assets to them.

7. The United States Attorney's Office has repeatedly assured Insurance Company Receivership Claimants that the United States Attorney's Office recognizes their interest in the Stolen Assets. The most recent criminal restitution orders of the Frankel co-conspirators identify only the Insurance Company Receivership Claimants as the recipients of any restitution assets and the Stipulation of Offense Conduct of Martin Frankel and his associates support this position.

8. The Insurance Company Receivership Claimants have actively protected their interest in the seized property by objecting to and defeating Peoples' and Veterans' attempts to intervene in the related forfeiture action, *USA v. $11,014,165.20, et al*. and successfully defended this Court's Order denying intervention dated October 31, 2000, in the Second Circuit.

9. Although relatively few formal pleadings have been filed, the Insurance Company Receivership Claimants have urged the U.S. Attorney's Office to work toward an expedited resolution of these matters without further litigation, so the Stolen Assets could be used to pay the policyholders and creditors of the insurance companies.

10. At the request of the U.S. Attorney's Office, the Insurance Company Receivership Claimants have refrained from filing dispositive motions and taking other pretrial actions while the criminal prosecutions have been ongoing. The Insurance Company Receivership Claimants are ready to proceed with the resolution of their claims for their Stolen Assets.

11. The Insurance Company Receivership Claimants' have actively pursued with the U.S. Attorney's Office the dismissal or other disposition of other claimants in these and related forfeiture actions. Moreover, the Insurance Company Receivership Claimants have asserted claims to the Stolen Assets and continue to maintain their rights to those assets.

12. **WHEREFORE,** for the reasons stated above, the Insurance Company Receivership Claimants respectfully request this Court to refrain from dismissing these matters pursuant to Local Rule 41(a) and request a status conference to set a pretrial schedule, dispositive motion deadlines, and trial dates to the extent appropriate.

Dated:

        Respectfully submitted,


        /s/ Douglas S. Skalka
        Douglas S. Skalka
        Neubert, Pepe & Monteith, P.C.
        Federal Bar No.: CT 00616
        195 Church Street, 13th Floor
        New Haven, Connecticut 06510
        Telephone: (203) 821-2000
        Facsimile: (203) 821-2009

| | |
|---|---|
| Douglas J. Schmidt | MO # 34266 |
| Terrance M. Summers | MO # 38319 |
| Patrick A. McInerney | MO # 37638 |

Blackwell Sanders Peper Martin LLP
2300 Main Street, Suite 1000
Kansas City, MO 64108
Telephone: (816) 983-8000
Facsimile: (816) 983-8080

SCOTT B. LAKIN, Director of the Department of Insurance for the State of Missouri, in his official capacity as Receiver of INTERNATIONAL FINANCIAL SERVICES LIFE INSURANCE COMPANY

and

GEORGE DALE, Commissioner of Insurance for the State of Mississippi, in his official capacity as Receiver of FRANKLIN PROTECTIVE LIFE INSURANCE COMPANY, FAMILY GUARANTY LIFE INSURANCE COMPANY, and FIRST NATIONAL LIFE INSURANCE COMPANY OF AMERICA

and

ANNE B. POPE, Commissioner of Commerce and Insurance for the State of Tennessee, in her official capacity as Receiver of FRANKLIN AMERICAN LIFE INSURANCE COMPANY

and

CARROLL FISHER, Insurance Commissioner for the State of Oklahoma, in his official capacity as Receiver of FARMERS AND RANCHERS LIFE INSURANCE COMPANY

and

MIKE PICKENS, Insurance Commissioner for the State of Arkansas, in his official capacity as Receiver of OLD SOUTHWEST LIFE INSURANCE COMPANY

Of Counsel

Alan F. Curley
C. Philip Curley
Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois  60606
(312) 663-3100

and

Charles G. Copeland (MBN 6516)
Robert C. Richardson (MBN 5330)
COPELAND, COOK, TAYLOR & BUSH, P.A.
200 Concourse, Suite 200
1062 Highland Colony Parkway, P.O. Box 6020
Ridgeland, Mississippi  39158
(601) 856-7200
Counsel for Commissioner Dale in his statutory capacity as Liquidator

Jeanne B. Bryant
Kingsport Bldg., Koger Center, Suite 1000
Brentwood, Tennessee 37247
(615) 370-0051
Counsel to Commissioner Pope in her statutory capacity as Liquidator

Susan Loving (OK Bar #160)
LESTER, LOVING AND DAVIES
1505 South Renaissance Blvd.
Edmund, OK  73013-3018
(405) 844-9900
Counsel to Commissioner Fisher in her statutory capacity as Receiver

Steve A. Uhrynowycz (AR Bar #82162)
Liquidation Division
Arkansas Insurance Department
1200 West Third Street, Room 340
Little Rock. Arkansas 72201-1904
(501) 371-2776