# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | |
|---|---|
| UNITED STATES OF AMERICA,    ) | |
|              ) | |
|      Plaintiff,    ) | |
|              ) | |
| v.    ) | Civil No. 3:00-cv-01910-EBB |
|              ) | |
| $140,000.00 IN UNITED STATES  ) | |
| CURRENCY SEIZED FROM  ) | |
| ACCOUNT NO. 1215701749, HELD IN  ) | |
| THE NAME OF ARTHUR F. GRANT,  ) | |
| AT BANK OF AMERICA, ROLLING  ) | |
| HILLS, CALIFORNIA,  ) | |
|              ) | |
|      Defendant.    ) | |
|              ) | |

### RECEIVER-CLAIMANTS' REPLY TO OPPOSITION OF DEFENDANT ARTHUR F. GRANT TO RECEIVER-CLAIMANT'S JOINT MOTION FOR DEFAULT JUDGMENT ON CROSS-CLAIM AGAINST ARTHUR F. GRANT

On February 11, 2005, the Receiver-Claimants filed a Joint Cross-Claim against Arthur F. Grant ("Grant"). The Certificate of Service attached to the Cross-Claim unambiguously indicates that:

> [a] true and correct copy of the [Joint Cross-Claim Against Arthur F. Grant] was delivered on the 11 day of February, 2005, via United States mail, first class postage prepaid to [Grant's counsel of record], J. Stanley Sanders 2015 Wellington Road, Los Angeles, CA 90016.

Grant incorrectly argues that the Receiver-Claimants were required to serve their Cross-Claim on him personally pursuant to the requirements of Fed. R. Civ. P. 4. Rule 4 governs the service of the summons and the original complaint. Fed. R. Civ. P. 5, however, dictates the manner in which parties not in default for failure to appear are served with all subsequent papers and pleadings. Wright & Miller, *Federal Practice and Procedure*, Civil 3d § 1141 at p. 410 (2002). "Rule 5 of the Federal Rules of Civil Procedure provides that 'every pleading

subsequent to the original complaint' shall be served upon a party represented by an attorney by service on the attorney by delivering a copy to him or by mailing it to him at his last known address. *Exportkhleb v. Golden Endeavor*, 1984 WL 2161 *4 (E.D. La. 1984) (citing Fed. R. Civ. P. 5); *Irving Trust Company v. Nationwide Leisure Corp.*, 562 F. Supp. 960, 963 at FN3 (S.D.N.Y. 1982)(cross-claims properly served by mail).  Grant filed his Answer to the original Complaint on November 30, 2000.  On December 27, 2000, J. Stanley Sanders entered his appearance on behalf of Grant.  Pursuant to Rule 5, the Receiver-claimants served their Cross-Claim on Grant by mailing a copy of the Cross-Claim to Sanders at his current address on file.

The Federal Rules provide that "[s]ervice under Rule 5(a) is made by: ... (2) Mailing a copy to the last known address of the person served. Service by mail is complete on mailing." Fed. R. Civ. P. 5(b) (2).  Since service is complete upon mailing, non-receipt of the document does not affect the validity of service. *See, e.g., In re Eagle Bus. Mfg. Inc.*, 62 F. 3d 730, 735 (5th Cir. 1995)("the question becomes whether the sender properly mailed the notice and not whether the intended recipient received it.")

Courts have long held that a certificate of service raises a presumption that service is valid. *Eagle*, 62 F.3d at 735-36 (court should look to whether a proper certificate of service was filed to determine whether mailing took place); *Frederick v. T.U.C.S. Cleaning Services*, 1991 WL 161419 at *1 (E.D.Pa. 1991) (presumption that properly stamped and addressed documents placed in mail are received by addressee); *In re Northeast Office and Commercial Proprieties, Inc.*, 178 B.R. 915, 918 n.1 (D.Mass. 1995) (certificate of service raises a presumption of valid service); Fed. R. Civ. P. 5(d), Advisory Committee Notes, 1991 Amendment Subdivision (d) (stating that certificates of service are required to be on file because they "may be useful for

many purposes, including proof of service if an issue arises concerning the effectiveness of the service.").

Further, the Receiver-Claimants' local counsel in the attached affidavit attests that his office served the Cross-Claim on both Grant's counsel and the U.S Attorney and that neither documents were returned by the United States Postal Service as "nondeliverable." Thus, the only competent evidence in this case strongly supports a finding that the Receiver-Claimants' service was valid. *Godfrey v. United States*, 997 F.2d 335, 338 (7th Cir. 1993) (proof of procedures followed in the "regular course of operation" gives rise to a strong inference that it was properly addressed and mailed); *see also Hagner v. United States*, 285 U.S. 427, 430, 52 S.Ct. 417, 76 L.Ed. 861 (1932) (citations omitted) (common law long recognized a presumption that an item properly mailed was received by the addressee).

Grant has failed to meet his burden to establish that the Receiver-Claimants' certificate of service is incorrect.  To overcome the presumption of validity of service evidenced by a certificate, the party challenging the regularity of mail service has the burden of producing evidence that calls into question the validity of the service. *Frederick*, 1991 WL 161419; *Fiore v. Giant Food Stores, Inc.*, 1998 WL 254975 at *2 (E.D. Pa 1998).  Ordinarily, a conclusory statement such as "I never got the pleading" is not enough to overcome the presumption of regularity. *Eagle*, 62 F.3d at 735.  Likewise, Grant's counsel's unsworn and wholly self-serving statement that "[a]s of this date, defendant Grant has not been served with, received or otherwise seen Receiver-Claimants' cross-claims" is clearly insufficient to rebut the presumption that service was valid in this case.  The Court should not allow Grant to so easily explain away his failure to respond in any way to both the Receiver-Claimants' Cross-claim and written discovery

for nearly a year, especially considering that the Receiver-Claimants' Motion for Default Judgment was sent to and received at the very same address as the Cross-claim.

For the foregoing reasons and the reasons set forth in the Receiver-Claimants' Motion for Default Judgment, the Receiver-Claimants pray the Court grant their Motion for Default Judgment against Arthur Grant.

Dated:  New Haven, CT
        March 2, 2006

                                    Respectfully submitted,


                                    _____
                                    Douglas S. Skalka (ct00616)
                                    Neubert, Pepe & Monteith, P.C.
                                    195 Church Street, 13th Floor
                                    New Haven, Connecticut 06510-2026
                                    Telephone: (203) 821-2000
                                    Facsimile:  (203) 821-2009

                                    Of Counsel

                                    and

                                    Douglas J. Schmidt        MO # 34266
                                    Terrance M. Summers       MO # 38319
                                    Patrick A. McInerney       MO # 37638
                                    Blackwell Sanders Peper Martin LLP
                                    4801 Main, Suite 1000
                                    Kansas City, Missouri 64112
                                    Tel (816) 983-8000
                                    Fax (816) 983-8080

                                    Counsel for W. DALE FINKE, Director of the
                                    Department of Insurance for the State of Missouri,
                                    in his official capacity as Receiver of
                                    INTERNATIONAL FINANCIAL SERVICES
                                    LIFE INSURANCE COMPANY

                                    and

Alan F. Curley
C. Philip Curley
Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
Ph (312) 663-3100

and

Charles G. Copeland (MS Bar #6516)
Rebecca Blunden (MS Bar #99611)
COPELAND, COOK, TAYLOR & BUSH, P.A.
P.O. Box 6020
Ridgeland, Mississippi 39158
Ph (601) 856-7200
Fx (601) 856-7626
Counsel for GEORGE DALE, Commissioner of
Insurance for the State of Mississippi, in his official
capacity as Receiver of FRANKLIN PROTECTIVE
LIFE INSURANCE COMPANY, FAMILY
GUARANTY LIFE INSURANCE COMPANY,
and FIRST NATIONAL LIFE INSURANCE
COMPANY OF AMERICA

and

Andrew B. Campbell (TN 14258, CT Fed. 21433)
Graham Matherne, Esq.
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee  37203-1423
Ph (615) 244-0020
Fx (615) 251-6661
Counsel for PAULA A. FLOWERS, Commissioner
of Commerce and Insurance for the State of
Tennessee, in her official capacity as Receiver of
FRANKLIN AMERICAN LIFE INSURANCE
COMPANY

and

Susan B. Loving, Esq.
LESTER, LOVING AND DAVIES
1701 South Kelly
Edmond, Oklahoma 73013
Ph (405) 844-9900
Fx (405) 844-9958
Counsel for KIM HOLLAND, Insurance
Commissioner for the State of Oklahoma, in her
official capacity as Receiver of FARMERS AND
RANCHERS LIFE INSURANCE COMPANY

and

Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
Liquidation Division
1023 W. Capitol Avenue, Suite 2
Little Rock, Arkansas 72201-1904
Ph (501) 371-2776
Fx (501) 374-0101
Counsel for JULIE BENAFIELD BOWMAN,
Insurance Commissioner for the State of Arkansas,
in her official capacity as Receiver of OLD
SOUTHWEST LIFE INSURANCE COMPANY

*Attorneys for Receiver-Claimants*

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT
NEW HAVEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil No. 3:00-cv-01910-EBB |
| | ) | |
| $140,000.00 IN UNITED STATES | ) | |
| CURRENCY SEIZED FROM | ) | |
| ACCOUNT NO. 1215701749, HELD IN | ) | |
| THE NAME OF ARTHUR F. GRANT, | ) | |
| AT BANK OF AMERICA, ROLLING | ) | |
| HILLS, CALIFORNIA, | ) | |
| | ) | |
| Defendant. | ) | |

AFFIDAVIT OF DOUGLAS S. SKALKA

STATE OF CONNECTICUT )
                               ) ss: New Haven
COUNTY OF NEW HAVEN )

I, Douglas S. Skalka, being duly sworn, hereby depose and say as follows:

1.      I am over the age of 18 years and understand the obligations of an oath. I

am a principal of the law firm of Neubert, Pepe & Monteith, P.C. and am duly admitted

to practice in this Court. I make this affidavit in support of the Receiver-Claimants[*]

response to the Opposition of Arthur F. Grant (Doc. #51) to the Receiver-Claimants'

Joint Motion for Default Judgment on Cross-Claim Against Arthur F. Grant (Doc. #49).

---

[*] The Receiver-Claimants consist of George Dale, Commissioner of Insurance for the State of Mississippi, in his official capacity as Receiver of Franklin Protective Life Insurance Company, Family Guaranty Life Insurance Company and First National Life Insurance Company of America; Paula A. Flowers, Commissioner of Commerce and Insurance for the State of Tennessee, in her official Capacity as Receiver of Franklin American Life Insurance Company; Kim Holland, Insurance Commissioner for the State of Oklahoma, in her official capacity as Receiver of Farmers and Ranchers Life Insurance Company, in Liquidation; Julie Benafeld Bowman (successor to Mike Pickens), Insurance Commissioner for the State of Arkansas, in her official capacity as Receiver for Old Southwest Life Insurance Company; and W. Dale Finke (successor to Douglas M. Ommen), Director of the Department of Insurance for the State of Missouri, in his official capacity as Receiver of International Financial Services Life Insurance Company.

2.    On February 11, 2005, my office filed a pleading on behalf of the Receiver-Claimants in the above-captioned case, entitled "Receiver-Claimants' Joint Cross-Claim Against Arthur F. Grant" (Doc. #38), in the United States District Court for the District of Connecticut, New Haven Division.

3.    Also on that date, in accordance with the Certificate of Service, my office caused a copy of this pleading to be served via first class mail, postage prepaid, upon the following parties: John A. Danaher III, John B. Hughes, and David X. Sullivan, of the United States Attorney's Office, P.O. Box 1824, New Haven, Connecticut, 06508, as attorneys for the United States of America; and J. Stanley Sanders, 2015 Wellington Road, Los Angeles, California, 90016, as attorney for Arthur F. Grant. A copy of the "Filed" Receiver-Claimants' Joint Cross-Claim Against Arthur F. Grant is attached hereto as Exhibit A.

4.    To date, none of these service copies have been returned to my office as "non-deliverable" by the United States Postal Service.

Douglas S. Skalka

Sworn and subscribed to before me
This 2nd day of March 2006.

Notary Public
Commissioner, Superior Court

Bankruptcy/Missouri/Pleadings/Affidavit of DSS.00.1910.response.arthur.grant.doc

KC-1374881-1

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

2005 FEB 11  P 3: 25

U.S. DISTRICT COURT
NEW HAVEN, CT

UNITED STATES OF AMERICA,   )
                            )
      Plaintiff,            )
                            )
v.                          )    Civil No. 3:00-cv-01910-EBB
                            )
$140,000.00 IN UNITED STATES   )
CURRENCY SEIZED FROM       )
ACCOUNT NO. 1215701749, HELD IN )
THE NAME OF ARTHUR F. GRANT,  )
AT BANK OF AMERICA, ROLLING  )
HILLS, CALIFORNIA,            )
                            )
      Defendant.          )
                            )

### RECEIVER-CLAIMANTS' JOINT
### CROSS-CLAIM AGAINST ARTHUR F. GRANT

COMES NOW GEORGE DALE, Commissioner of Insurance for the State of

Mississippi, in his official capacity as Receiver of Franklin Protective Life Insurance Company,

Family Guaranty Life Insurance Company and First National Life Insurance Company of

America; PAULA A. FLOWERS, Commissioner of Commerce and Insurance for the State of

Tennessee, in her official capacity as Receiver of Franklin American Life Insurance Company;

KIM HOLLAND, Insurance Commissioner for the State of Oklahoma, in her official capacity as

Receiver of Farmers and Ranchers Life Insurance Company, in Liquidation; MIKE PICKENS,

Insurance Commissioner for the State of Arkansas, in his official capacity as Receiver for Old

Southwest Life Insurance Company and DOUGLAS M. OMMEN, Acting Director of the

Department of Insurance for the State of Missouri, in his official capacity as Receiver of

International Financial Services Life Insurance Company (collectively, the "Receiver-

Claimants"), by and through counsel, asserting this Joint Cross-Claim against Arthur F. Grant, a

KC-1257508-2

Claimant in this proceeding to the Defendant Currency identified as: "$140,000.00 in United States Currency seized from Account No. 1215701749, held in the name of Arthur F. Grant, at Bank of America, Rolling Hills, California."

## CROSS-CLAIM FOR DECLARATORY JUDGMENT
## AGAINST CLAIMANT ARTHUR F. GRANT

1.     The Receiver-Claimants each of them incorporates their previous Answers, Affirmative Defenses, Claim *In Rem* and Counterclaim for Title and Possession as if fully set forth herein.

2.     On October 31, 2000, Arthur F. Grant ("Grant") filed a Claim of Ownership alleging that he is the owner of the Defendant Currency.

3.     On November 30, 2000, Grant filed an Answer and Affirmative Defenses to the United States' Verified Complaint of forfeiture.

### Jurisdiction and Venue

4.     The matter in controversy exceeds, exclusive of interest and costs, $75,000.00.

5.     The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1332, 1345, 1355, and 1367.

### Claim for Declaratory Judgment

6.     As described in Receiver-Claimants' Claims *In Rem* and Counterclaims, one or more of the Insurance Companies represented by the Receiver-Claimants are the rightful owners of the Defendant Currency and should be awarded title to and possession of the Defendant Currency.

7.     Grant has asserted in his Answer and Claim that he is the rightful owner of, and is entitled to possession of, the Defendant Currency.

8.    In fact, Grant has no right to or interest in the Defendant Property. Rather, one or more of the Receiver-Claimants are the only parties with any ownership interest in the Defendant Currency.

9.    Grant has acted with unclean hands in his dealings with one or more of the Insurance Companies.

10.    There exists an actual controversy between the Receiver-Claimants on the one hand and Grant on the other as to which of them is entitled to the Defendant Currency, and each has demanded that the Defendant Currency be awarded to it.

11.    Declaratory relief will resolve the dispute between the parties as to the ownership of the Defendant Currency.

WHEREFORE, the Receiver-Claimants respectfully pray that this Honorable Court enter its judgment declaring:

(a)    One or more of the Insurance Companies represented by the Receiver-Claimants have full and unencumbered title to and interest in, and the sole right to possess, the Defendant Currency, and that full and unencumbered title to and possession of the Defendant Currency is awarded to one or more of the Receiver-Claimants;

(b)    Arthur F. Grant has no title to or interest in, or right to possess, the Defendant Currency or any portion thereof;

(c)    The Receiver-Claimants are entitled to recover their costs in this matter; and

(d)    to grant such other, further, and additional relief which the Court finds the

Receiver-Claimants to be entitled.

_____

Douglas S. Skulka                Fed. Bar No. 00616
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510-2026
Telephone: (203) 821-2000
Facsimile:  (203) 821-2009

Of Counsel

and

Douglas J. Schmidt              MO # 34266
Terrance M. Summers            MO # 38319
Patrick A. McInerney            MO # 37638
Blackwell Sanders Peper Martin LLP
4801 Main, Suite 1000
Kansas City, Missouri 64112
Tel (816) 983-8000
Fax (816) 983-8080
Counsel for DOUGLAS M. OMMEN, Acting
Director of the Department of Insurance for the
State of Missouri, in his official capacity as
Receiver of INTERNATIONAL FINANCIAL
SERVICES LIFE INSURANCE COMPANY

and

Alan F. Curley
C. Philip Curley
Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
Ph (312) 663-3100

and

Charles G. Copeland (MS Bar #6516)
Rebecca Blunden (MS Bar #99611)
COPELAND, COOK, TAYLOR & BUSH, P.A.
P.O. Box 6020
Ridgeland, Mississippi 39158
Ph (601) 856-7200
Fx (601) 856-7626
Counsel for GEORGE DALE, Commissioner of
Insurance for the State of Mississippi, in his official
capacity as Receiver of FRANKLIN PROTECTIVE
LIFE INSURANCE COMPANY, FAMILY
GUARANTY LIFE INSURANCE COMPANY,
and FIRST NATIONAL LIFE INSURANCE
COMPANY OF AMERICA

and

Andrew B. Campbell (TN 14258, CT Fed. 21433)
Graham Matherne, Esq.
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee  37203-1423
Ph (615) 244-0020
Fx (615) 251-6661
Counsel for PAULA A. FLOWERS, Commissioner
of Commerce and Insurance for the State of
Tennessee, in her official capacity as Receiver of
FRANKLIN AMERICAN LIFE INSURANCE
COMPANY

and

Susan B. Loving, Esq.
LESTER, LOVING AND DAVIES
1701 South Kelly
Edmond, Oklahoma 73013
Ph (405) 844-9900
Fx (405) 844-9958
Counsel for KIM HOLLAND, Insurance
Commissioner for the State of Oklahoma, in her
official capacity as Receiver of FARMERS AND
RANCHERS LIFE INSURANCE COMPANY

and

Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
Liquidation Division
1023 W. Capitol Avenue, Suite 2
Little Rock, Arkansas 72201-1904
Ph (501) 371-2776
Fx (501) 374-0101
Counsel for MIKE PICKENS, Insurance
Commissioner for the State of Arkansas, in his
official capacity as Receiver of OLD
SOUTHWEST LIFE INSURANCE COMPANY

*Attorneys for Receiver-Claimants*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was delivered on the __1C__ day of February, 2005, via United States mail, first-class postage prepaid, to:

John A. Danaher, III
United States Attorney

John B. Hughes
Assistant U. S. Attorney
Chief, Civil Division

David X. Sullivan
Assistant United States Attorney
P.O. Box 1824
New Haven, CT 06508

J. Stanley Sanders
2015 Wellington Road
Los Angeles, CA 90016

*Attorney for Arthur F. Grant*

*Attorneys for Plaintiff United States of America*

Douglas S. Skalka          (ct00616)
Neubert, Pepe & Monteith, P.C.

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT
## NEW HAVEN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Civil No. 3:00-cv-01910-EBB |
| | ) | |
| **$140,000.00 IN UNITED STATES** | ) | |
| **CURRENCY SEIZED FROM** | ) | |
| **ACCOUNT NO. 1215701749, HELD IN** | ) | |
| **THE NAME OF ARTHUR F. GRANT,** | ) | |
| **AT BANK OF AMERICA, ROLLING** | ) | |
| **HILLS, CALIFORNIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing was sent on the 2d day of March, 2006, via United States mail, first-class postage prepaid, to:

John A. Danaher, III, Esq.
John B. Hughes, Esq.
David X. Sullivan, Esq.
Assistant United States Attorney
P.O. Box 1824
New Haven, CT 06508
*Attorneys for Plaintiff United States of America*

J. Stanley Sanders
2015 Wellington Road
Los Angeles, CA 90016

*Attorney for Arthur F. Grant*

Dated:  New Haven, Connecticut
        March 2, 2006

Douglas S. Skalka (ct00616)
Neubert, Pepe & Monteith, P.C.
195 Church Street, 13th Floor
New Haven, Connecticut 06510-2026
Telephone: (203) 821-2000
Facsimile: (203) 821-2009