# UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil No. 3:00-cv-01910-EBB** |
| | ) | |
| **$140,000.00 IN UNITED STATES** | ) | |
| **CURRENCY SEIZED FROM** | ) | |
| **ACCOUNT NO. 1215701749, HELD IN** | ) | |
| **THE NAME OF ARTHUR F. GRANT,** | ) | |
| **AT BANK OF AMERICA, ROLLING** | ) | |
| **HILLS, CALIFORNIA,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### RECEIVER-CLAIMANTS' JOINT MOTION FOR
### DEFAULT JUDGMENT ON CROSS-CLAIM AGAINST ARTHUR F. GRANT

COMES NOW Claimants GEORGE DALE, Commissioner of Insurance for the State of

Mississippi, in his official capacity as Receiver of Franklin Protective Life Insurance Company

("FPL"), Family Guaranty Life Insurance Company ("FGL"), and First National Life Insurance

Company of America (collectively "FNL"), LESLIE A. NEWMAN, Commissioner for the

Tennessee Department of Commerce and Insurance, in her official capacity as Receiver of

Franklin American Life Insurance Company ("FAL"), KIM HOLLAND, Insurance

Commissioner for the State of Oklahoma, in her official capacity as Receiver of Farmers and

Ranchers Life Insurance Company in Liquidation ("F&RL"), JULIE BENAFIELD BOWMAN,

Insurance Commissioner for the State of Arkansas, in her official capacity as Receiver of Old

Southwest Life Insurance Company ("OSL"), DOUGLAS M. OMMEN, Director of the Missouri

Department of Insurance, Financial Institutions and Professional Regulation, in his official

capacity as Receiver of International Financial Services Life Insurance Company ("IFS"),

(collectively, the "Receiver-Claimants"), by and through counsel, pursuant to FED. R. CIV. P. 55(b)(2) and request that default judgment be entered against Arthur F. Grant ("Grant"). Grant is a Claimant in this proceeding to the Defendant Currency identified as: "$140,000.00 in United States Currency seized from Account No. 1215701749, held in the name of Arthur F. Grant, at Bank of America, Rolling Hills, California." For the reasons set forth below, the Court should grant this motion:

1.      On October 31, 2000, Claimant Grant filed a Claim of Ownership alleging that he is the owner of the Defendant Currency.

2.      On November 30, 2000, Claimant Grant filed an Answer and Affirmative Defenses to the United States' Verified Complaint of forfeiture.

3.      On December 27, 2000, J. Stanley Sanders entered his appearance as attorney of record for Claimant Grant. To date, J. Stanley Sanders remains attorney of record for Claimant Grant.

4.      On February 11, 2005, Receiver-Claimants filed a Joint Cross-Claim against Claimant Grant. The Receiver-Claimants served their Joint Cross-Claim in accordance with FED. R. CIV. P. 5. (See Ex. A of Receiver-Claimants Joint Application for Entry of Default).

5.      A true and correct copy of the Joint Cross-Claim was sent to J. Stanley Sanders at his address of record on February 11, 2005 as evidenced by the certificate of service. The certificate of service provides that a copy of the Joint Cross-Claim Against Arthur F. Grant "was delivered on the 11 day of February, 2005, via United States mail, first class postage prepaid to J. Stanley Sanders, 2015 Wellington Road, Los Angeles, CA 90016."

6.      One year later on February 11, 2006, the Receiver-Claimants filed a Joint Motion for Default Judgment on Cross-Claim against Claimant Grant, which was served on attorney

Sanders at the same address as its Joint Cross-Claim was previously served in 2005.  Although Claimant Grant filed an Opposition to the Receiver-Claimants' Motion for Default Judgment, he still has never answered the Cross-Claims.

7.      On November 9, 2006, the Court denied the Motion and directed the Receiver-Claimants to move first for entry of default pursuant to FED. R. CIV. P. 55(a).

8.      After receiving the Court's Order, on December 15, 2006, counsel sent a letter, on behalf of the Receiver-Claimants,  to J. Stanley Sanders advising him that if his client, Grant, did not file a responsive pleading and responses to written discovery before December 31, 2006, that the Receiver-Claimants would seek to compel its responses and request sanctions.  (See Ex. B of Receiver-Claimants Joint Application for Entry of Default).

9.      In response, Attorney Sanders contacted the Receiver-Claimants' counsel and requested an extension until March 1, 2007, on behalf of Claimant Grant to file responsive pleadings and respond to the discovery.

10.      On or about March 9, 2007, counsel sent Attorney Sanders an e-mail, on behalf of the Receiver-Claimants, advising him that the March 1, 2007, deadline had passed without his client filing any response.  On or about March 12, 2007, Attorney Sanders responded by e-mail and stated that he would file a response the week of March 11, 2007.  (See Ex. C of Receiver-Claimants Joint Application for Entry of Default).

11.      On March 14, 2007, counsel sent a follow-up message to Attorney Sanders regarding Claimant Grant's failure to plead or respond to discovery.  (See Ex. D of Receiver-Claimants Joint Application for Entry of Default).

12.    On April 9, 2007, Receiver-Claimants filed a motion for entry of default against Claimant Grant, who did not respond to the motion.  On April 20, 2007, the Clerk entered a default against Claimant Grant.

13.    Given Claimant Grant's complete inactivity in the case and lack of attention to this proceeding for almost seven years, despite having been properly served with the Receiver-Claimants' Joint Cross-Claim and written discovery, it is appropriate for the Court to order a default judgment against Claimant Grant on the Receiver-Claimants' Joint Cross-Claim.

WHEREFORE, for these reasons and pursuant to FED. R. CIV. P. 55(b)(2), Receiver-Claimants respectfully requests that the Court enter default judgment in their favor declaring that Claimant Grant has no title to or interest in or right to possess the Defendant Currency or any portion thereof and that the Receiver-Claimants' claim to the Defendant Currency has priority over Claimant Grant's claim; for recovery of their costs; and to grant such other, further, and additional relief which the Court finds the Receiver-Claimants to be entitled.

Dated:  April 30, 2007
           New Haven, CT


                              Respectfully submitted,


                              /s/ Douglas S. Skalka
                              Douglas S. Skalka           Fed. Bar No. 00616
                              Neubert, Pepe & Monteith, P.C.
                              195 Church Street, 13th Floor
                              New Haven, Connecticut 06510-2026
                              Telephone: (203) 821-2000
                              Facsimile:  (203) 821-2009

                              Of Counsel

and

| | |
|---|---|
| Douglas J. Schmidt | MO # 34266 |
| Terrance M. Summers | MO # 38319 |
| Patrick A. McInerney | MO # 37638 |

Blackwell Sanders Peper Martin LLP
4801 Main, Suite 1000
Kansas City, Missouri 64112
Tel (816) 983-8000
Fax (816) 983-8080

Counsel for Douglas M. Ommen, Director of the
Missouri Department of Insurance, Financial
Institutions and Professional Regulation, in his
official capacity as Receiver of INTERNATIONAL
FINANCIAL SERVICES LIFE INSURANCE
COMPANY

and

Alan F. Curley
C. Philip Curley
Cynthia H. Hyndman
ROBINSON CURLEY & CLAYTON, P.C.
300 South Wacker Drive, Suite 1700
Chicago, Illinois 60606
Ph (312) 663-3100

and

Charles G. Copeland (MS Bar #6516)
Rebecca Blunden (MS Bar #99611)
COPELAND, COOK, TAYLOR & BUSH, P.A.
P.O. Box 6020
Ridgeland, Mississippi 39158
Ph (601) 856-7200
Fx (601) 856-7626
Counsel for GEORGE DALE, Commissioner of
Insurance for the State of Mississippi, in his official
capacity as Receiver of FRANKLIN PROTECTIVE
LIFE INSURANCE COMPANY, FAMILY
GUARANTY LIFE INSURANCE COMPANY,
and FIRST NATIONAL LIFE INSURANCE
COMPANY OF AMERICA

and

Andrew B. Campbell (TN 14258, CT Fed. 21433)
Graham Matherne, Esq.
WYATT, TARRANT & COMBS, LLP
2525 West End Avenue, Suite 1500
Nashville, Tennessee  37203-1423
Ph (615) 244-0020
Fx (615) 251-6661
Counsel for Leslie A. Newman, Commissioner for
the Tennessee Department of Commerce and
Insurance, in her official capacity as Receiver of
FRANKLIN AMERICAN LIFE INSURANCE
COMPANY

and

Susan B. Loving, Esq.
LESTER, LOVING AND DAVIES
1701 South Kelly
Edmond, Oklahoma 73013
Ph (405) 844-9900
Fx (405) 844-9958
Counsel for KIM HOLLAND, Insurance
Commissioner for the State of Oklahoma, in her
official capacity as Receiver of FARMERS AND
RANCHERS LIFE INSURANCE COMPANY

and

Steve A. Uhrynowycz, Esq.
Arkansas Insurance Department
Liquidation Division
1023 W. Capitol Avenue, Suite 2
Little Rock, Arkansas 72201-1904
Ph (501) 371-2776
Fx (501) 374-0101
Counsel for JULIE BENAFIELD BOWMAN,
Insurance Commissioner for the State of Arkansas,
in her official capacity as Receiver of OLD
SOUTHWEST LIFE INSURANCE COMPANY

*Attorneys for Receiver-Claimants*