```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF CONNECTICUT


United States of America,      :
         Plaintiff,            :
                               :
       v.                      :     NO. 3:00CV1910(EBB)
                               :
$140,000.00 in United States   :
Currency Seized from           :
Account No. 1215701749, Held   :
in the Name of Arthur F.       :
Grant, at Bank of America,     :
Rolling Hills, California,     :
         Defendant.            :
```

<u>Order on Receiver-Claimants' Joint Motion for
Default Judgment on Cross-Claim Against Arthur F. Grant</u>

Before the Court is <u>Receiver-Claimants' Joint Motion for Default Judgment on Cross-claim Against Arthur F. Grant</u> [Doc. No. 71] pursuant to FED. R. CIV. P. 55(b)(2). Receivers seek a default judgment on their joint cross-claim against Arthur F. Grant ("Grant") due to Mr. Grant's failure to answer the cross-claim [Doc. No. 38]. For the reasons below, the motion [Doc. No. 71] is GRANTED.

Discussion

Claimant Arthur Grant filed a Claim of Ownership alleging that he is the rightful owner of the Defendant Currency on October 31, 2000. On November 30, 2000, Grant filed his Answer and Affirmative Defenses to the United States' Verified Complaint of Forfeiture. On December 27, 2000, J. Stanley Sanders entered an appearance as attorney of record for Grant. Mr. Sanders remains attorney of record. On February 11, 2005, Receiver-Claimants filed a joint

cross-claim against Grant [Doc. No. 38]. This cross-claim was mailed on February 11, 2005, in accordance with Fed. R. Civ. P. 5, to Claimant Grant's counsel of record, J. Stanley Sanders, at his address, 2015 Wellington Road, Los Angeles, CA 90016. See Exh. A to Receiver-Claimants' Joint Application for Entry of Default. To date, Grant has not answered the cross-claim. Furthermore, the electronic filing record from the Clerk's office, United States District Court for the District of Connecticut, indicates that notice of the filing of the cross-claim would be sent from the Clerk's office to Attorney Sanders at the same address.

On April 15, 2005, Receiver-Claimants filed a motion for extension of scheduling order deadlines which references the cross-claim served on Grant on February 11, 2005 and notes that no answer to the cross-claim had been received as of April 15, 2005. Receiver-Claimants' local counsel, James A. Lenes, certified that a copy of the motion for extension was mailed first class to J. Stanley Sanders at the Wellington Road address on April 15, 2005. The electronic filing receipt from the Clerk's office, United States District Court for the District of Connecticut, indicates that notice of the filing of the motion for extension would be sent from the Clerk's office to Attorney Sanders at the Wellington Road address. Thus, as of April 2005, Grant's counsel was mailed four items at four separate times to his address of record which would have put him on notice that a cross-claim against his client had

been filed.

Receiver-Claimants filed a Joint Motion for Default Judgment [Doc. No. 49] on the cross-claim against Grant on February 11, 2006, one year after filing the cross-claim. The attorney of record for Grant, J. Stanley Sanders, filed an opposition to default judgment, asserting, <u>inter</u> <u>alia</u>, that the first notice of any kind he or Grant received regarding the cross-claim was the Receiver-Claimants' motion for default judgment. Grant's counsel further asserted that Grant is entitled to notice and service of process in accordance with F<small>ED</small>. R. C<small>IV</small>. P. 4. This Court denied the Receivers' Motion for Default Judgment on November 8, 2006 because it was not preceded by a motion for entry of default pursuant to F<small>ED</small>. R. C<small>IV</small>. P. 55(a).

After this Court denied the Motion for Default Judgment, counsel for Receivers sent a letter to J. Stanley Sanders advising him that, if Grant did not file a responsive pleading and responses to written discovery before December 31, 2006, the Receiver-Claimants would seek to compel responses and request sanctions. <u>See</u> Exh. B of Receiver-Claimants' Joint Application for Entry of Default. Attorney Sanders subsequently contacted the Receiver-Claimants' counsel and requested an extension until March 1, 2007, on behalf of Claimant Grant to file responsive pleadings and respond to the discovery. <u>See</u> ¶ 13 of Receiver-Claimants' Joint Application for Entry of Default.

Having received no response by March 9, 2007, counsel for the Receivers sent Attorney Sanders an e-mail, on behalf of the Receiver-Claimants, advising him that the March 1, 2007 deadline had passed without Grant having filed any response. Attorney Sanders responded by email on March 12, 2007, stating that he would file a response the week of March 11, 2007. See Exh. C of Receiver-Claimants Joint Application for Entry of Default. On March 14, 2007, having received no communication from Grant or his attorney of record, counsel for the Receivers sent a follow-up message to Attorney Sanders regarding Claimant Grant's failure to plead or respond to discovery, noting that they would move the Court to compel responses and would seek to recover their costs. See Exh. D of Receiver-Claimants Joint Application for Entry of Default. Grant's counsel did not respond to this message.

On April 9, 2007, Receiver-Claimants filed a motion for entry of default against Claimant Grant [Doc. No. 67]. Default against Mr. Grant was entered by the Clerk of the Court on April 20, 2007 pursuant to FED. R. CIV. P. 55(a).

Under the Federal Rules of Civil Procedure, pleadings subsequent to the complaint may be served upon the attorney of record. See FED. R. CIV. P. 5(a) ("every pleading subsequent to the original complaint unless the court otherwise orders . . . shall be served upon each of the parties") and FED. R. CIV. P. 5(b)(1) ("Service under Rules 5(a) and 77(d) on a party represented by an

4

attorney is made on the attorney unless the court orders service on the party."). See also 4B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE Civ. § 1145 (3d ed. 2002) ("Federal Rule of Civil Procedure 5(a) . . . must be read in conjunction with Rule 5(b). . . . The requirement in Rule 5(b) that the papers in the action be served on the attorney is to be followed literally; although it may seem counterintuitive, service upon a party represented by an attorney does not comply with the rule.").

Proof of service is effected by written acknowledgment of service by the party served, by a certificate of counsel for the party filing the pleading or by an affidavit of the person making the service. See FED. R. CIV. P. 5; D. CONN. L. CIV. R. 5 ("Proof of service may be made by . . . a certificate of counsel for the party filing the pleading . . . . Where proof of service is made by certificate or affidavit, the certificate or affidavit shall list the name and address of each person served.").

Additionally, under FED. R. CIV. P. 5(b), "service by mail is complete upon mailing." See also Greene v. WCI Holdings Corp., 136 F.3d 313, 315 (2d Cir. 1998), cert. denied, 525 U.S. 983 (1998) (holding that a "mailing" occurs when the envelope is deposited at a post office or in a mail box). Here service of the joint cross-claim was effective as of the mailing to Grant's counsel of record. Receivers' counsel has followed the requirements of the Federal Rules of Civil Procedure and the local rules for the District of

Connecticut.  Grant has failed to respond to the cross-claim, and thus the entry of default against Grant was proper.

Despite having been properly served with the Receiver-Claimants' Joint Cross-claim and written discovery, and having been on notice regarding the cross-claim for nearly two and a half years, and requesting numerous extensions of time in which to respond, neither Grant's counsel of record nor Grant have answered the cross-claim.  It is therefore appropriate for the Court to order a default judgment against Claimant Grant on the Receiver-Claimants' Joint Cross-Claim [Doc. No. 38].  This Court now declares that Claimant Grant has no title to or interest in or right to possess the Defendant Currency or any portion thereof.  Furthermore, Receiver-Claimants' claim to the Defendant Currency has priority over Claimant Grant's claim.  Receiver-Claimants are entitled to recover their costs in this matter and should submit detailed expense reports to the Court no later than one month from the date of this order.

                SO ORDERED.

                _____
                ELLEN BREE BURNS, SENIOR JUDGE
                UNITED STATES DISTRICT COURT

Dated at New Haven, CT, this __ day of August, 2007.