UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Civil No. 3:00CV1910 (EBB) |
| | : | |
| $140,000.00 IN UNITED STATES CURRENCY SEIZED FROM ACCOUNT NUMBER 1215701749, HELD IN THE NAME OF ARTHUR F. GRANT, AT BANK OF AMERICA, ROLLING HILLS, CALIFORNIA, | : : : : : : | October 9, 2007 |
| | : | |
| Defendant. | : | |

MEMORANDUM IN SUPPORT OF
MOTION FOR DECREE OF FORFEITURE

     The Plaintiff, United States of America, hereby submits this memorandum in support of its Motion for Decree of Forfeiture, which motion has been filed pursuant to Rule 55 of the Federal Rules of Civil Procedure, and Rule G(5) of the Supplemental Rules for Admiralty or Maritime and Asset Forfeiture Claims.

     On October 4, 2000, a Verified Complaint of Forfeiture was filed on behalf of the plaintiff, United States of America, for the forfeiture of $140,000 in United States currency, seized from account number 1215701749, held in the name of Arthur F. Grant, at Bank of America, Rolling Hills, California ("Defendant Currency"). The Complaint alleges that the Defendant Currency was involved in a financial transaction in violation of 18 U.S.C. §§ 1956 and 1957, and is therefore subject to forfeiture to the United States pursuant to 18 U.S.C. § 981(a)(1)(A).

All known potential claimants believed to have an interest in the Defendant Currency have been notified of this action. The Plaintiff, United States of America, has resolved the claims of the various claimants by agreement, or by default where no claims or answers were filed. The full procedural history is set forth in the proposed Decree of Forfeiture submitted herewith.

The claims of the remaining seven (7) victim insurance companies,[1] which were defrauded by Martin Frankel, were recently resolved by Stipulation. Pursuant to the Stipulation, the Receiver-Claimants agreed to the forfeiture of the Defendant Currency, and the United States agreed to distribute to the Receiver-Claimants the net proceeds of the assets in this case, less costs, pursuant to the agreed upon pro rata distribution as set forth in the Stipulation.

The Defendant Currency was deposited into the Treasury Department's Seized Asset Suspense Account, which is an interest bearing account where the funds have accrued and continue to accrue interest. In the Stipulation between the United States and the Receiver-Claimants, the parties have stipulated that the Receiver-Claimants shall file a separate motion to the Court requesting the payment of accrued interest on the assets seized and held by the Internal Revenue Service Criminal Investigation on the same pro rata basis set forth in the Stipulation.

This Stipulation is based upon the Petition for Remission or Mitigation of Forfeiture filed by the Receiver-Claimants, and which was granted by the Department of Justice pursuant to its

---

[1] The seven (7) insurance companies and their respective pro rata shares are as follows: (1) Franklin Protective Life Insurance Company (4.10%), (2) Family Guaranty Life Insurance Company (6.99%), (3) Farmers and Ranchers Life Insurance Company (2.30%), (4) First National Life Insurance Company of America (54.78%), (5) Franklin American Life Insurance Company (8.00%), (6) Old Southwest Life Insurance Company (1.75%), and (7) International Financial Services Life Insurance Company (22.08%).

regulations. See Regulations Governing the Remission or Mitigation of Civil and Criminal Forfeiture, 28 C.F.R. §§ 9.1-9.9. The Petition for Remission or Mitigation of Civil and Criminal Forfeiture procedures authorize the United States Attorney General to transfer or restore forfeited property to victims of fraud once the property is ordered forfeited to the United States. Here, the Attorney General has authorized the transfer of these assets to the victim Receiver-Claimants upon entry of decree of forfeiture.

The Receiver-Claimants concur with the relief sought by this motion and are in agreement with the language of the proposed Decree of Forfeiture. In that all the claims filed in this case have been resolved, except the issue of distribution of interest accrued on assets seized by the Internal Revenue Service Criminal Investigation, the United States respectfully requests that its Motion for Decree of Forfeiture be granted so that the Defendant Currency may be returned to the victims pursuant to the granted Petition for Remission. A proposed Decree of Forfeiture is submitted herewith.

Respectfully submitted,

PLAINTIFF,
UNITED STATES OF AMERICA

KEVIN J. O'CONNOR
UNITED STATES ATTORNEY

_____
JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY
ATTORNEY BAR # ct23398
157 CHURCH STREET
NEW HAVEN, CT 06510
TEL. (203) 821-3700
FAX (203) 773-5373
Email: Julie.Turbert@usdoj.gov

## CERTIFICATE OF SERVICE

This is to certify that a copy of the within and foregoing Memorandum in Support of Motion for Decree of Forfeiture has been mailed, postage prepaid, on this 9th day of October, 2007, to:

J. Stanley Sanders, Esq.
2015 Wellington Road
Los Angeles, CA 90016-1824

Susan B. Loving, Esq.
Lester, Loving & Davies
1701 South Kelly
Edmond, Oklahoma 73013-3018

Douglas J. Schmidt, Esq.
Terrance Summers, Esq.
Blackwell Sanders Peper Martin
4801 Main Street, Suite 1000
Kansas City, Missouri 64112

Andrew B. Campbell, Esq.
Wyatt, Tarrant & Combs
2525 West End Avenue, Suite 1500
Nashville, Tennessee 37203

Douglas S. Skalka, Esq.
Neubert, Pepe & Monteith
195 Church Street, 13th Floor
New Haven, Connecticut 06510

Charles G. Copeland, Esq.
Janet G. Arnold, Esq.
Copeland, Cook, Taylor & Bush
1062 Highland Colony Parkway
P.O. Box 6020
Ridgeland, Mississippi 39157

Steve A. Uhrynowycz, Esq.
1200 West Third Street, Room 340
Little Rock, Arkansas 72201-1904

_____
JULIE G. TURBERT
ASSISTANT U.S. ATTORNEY